MARK L. HOGGE (*Pro Hac Vice*)
NICHOLAS H. JACKSON (SBN 269976)
DENTONS US LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 408-6400
Email: mark.hogge@dentons.com
Email: nicholas.jackson@dentons.com

ROBERT F. KRAMER (SBN 181706)
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 798-0300
Email: robert.kramer@dentons.com

SARAH S. ESKANDARI (SBN 271541)
DENTONS US LLP
One Market Plaza,
Spear Tower, 24th Floor
San Francisco, CA 94105
Telephone: (415) 267-4000
Email: sarah.eskandari@dentons.com

Attorneys for Defendant
SYNCHRONOSS TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DROPBOX, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>SYNCHRONOSS TECHNOLOGIES, INC.,<br><br>            Defendant. | Case No. 5:18-cv-03685-LHK<br><br>**DEFENDANT SYNCHRONOSS TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) AND VACATE CURRENT CASE SCHEDULE**<br>Date: April 18, 2019<br>Time: 1:30 p.m.<br>Judge: Hon. Lucy H. Koh |

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(A)**
CASE NO. 5:18-cv-03685-LHK

## NOTICE OF MOTION AND RELIEF REQUESTED

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 18, 2019 at 1:30 p.m., or as soon as the matter may be heard, in the courtroom of the Honorable Lucy H. Koh, located at 280 South 1st Street, San Jose, California, in Courtroom 8, 4th Floor, Defendant Synchronoss Technologies, Inc. ("Synchronoss" or "Defendant") will and hereby moves this Court pursuant to Federal Rule of Civil Procedure 42(a) for an order consolidating this case, 5:18-cv-03685-LHK ("Dropbox Case") with the related case styled *Orcinus Holdings, LLC v. Synchronoss Technologies, Inc.*, 5:18-cv-06199-LHK ("Orcinus Case") for all purposes and vacating the current case schedule (Dkt. No. 40) to allow the parties to submit a consolidated case schedule that is operative for the consolidated cases.

This motion is based on this Notice and Motion, the Declaration of Nicholas H. Jackson in Support of Synchronoss's Motion to Dismiss, the pleadings on file in this case, matters on which this Court may take judicial notice, and such oral argument as the Court permits. Synchronoss seeks entry of an order consolidating the Dropbox Case with the related Orcinus Case for all purposes and vacating the current case schedule (Dkt. No. 40) to allow the parties to submit a consolidated case schedule that is operative for the consolidated cases.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(A)**
CASE NO. 5:18-cv-03685-LHK

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION AND MOTION

The Court previously ruled that the Orcinus Case is related to this case. (Dropbox Case, October 22, 2018 Order Granting Administrative Motion to Relate, Dkt. No. 51.) Defendant now requests consolidation of the instant action with the Orcinus case under Federal Rule of Civil Procedure 42 for all purposes, as well as an order vacating the current case schedule pending the Further Case Management Conference set for January 30, 2019 at 2:00 p.m. in the Dropbox Case and Initial Case Management Conference set for the same time in the Orcinus Case. Synchronoss proposes that the Court enter a new consolidated case schedule following the January 30 Case Management Conferences. Plaintiff Dropbox, Inc. ("Plaintiff" or "Dropbox") has informed counsel for Defendant that it does not oppose consolidation of the Orcinus Case into the instant action,[1] however, Plaintiff does oppose Defendant's request to vacate the current case schedule. Declaration of Nicholas Jackson in Support of Synchronoss's Motion to Consolidate ("Jackson Decl.") at ¶ 3.

### II.    ARGUMENT

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Owen v. Labor Ready Inc.*, 146 Fed. Appx. 139, 141 (9th Cir. 2005); MANUAL FOR COMPLEX LITIGATION, FOURTH, § 11.631, at 121-22 (2004). Rule 42(a) is designed to encourage consolidations where possible. *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945) *aff'd* 328 U.S. 654. The Court has broad discretion under this rule to consolidate cases, and consolidation is typically favored. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777, 1989 U.S. App. LEXIS 8261, at *1-2 (9th Cir. 1989); *Tse v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 15646, at *9 (N.D. Cal. Feb. 1, 2013) ("While a district court does have broad discretion in determining whether consolidation is appropriate, typically, consolidation is favored.").

---

[1] Dropbox previously, albeit obliquely and ineffectively, agreed that consolidation is proper and requested the Court to consolidate. *See* Dkt. No. 45 at 2 ("For the reasons stated above, Dropbox respectfully requests that the Orcinus case be related and consolidated with this case."); Dkt. No. 46 at 1 (titling the document "NOTICE OF MOTION FOR CONSOLIDATION OF CASES").

- 3 -

### III. THE CASES SHOULD BE CONSOLIDATED

#### A. Background

Plaintiff in the Orcinus case, Orcinus Holdings, LLC ("Orcinus") is a wholly-owned subsidiary of Dropbox and sole owner of U.S. Patent No. 7,567,541 ("the '541 Patent"), which has been asserted in the Orcinus Case. Dropbox Case, Dkt. No. 45, at 2:2-3; Orcinus Case, Dkt. No. 1 at 2, ¶ 7. However, Dropbox, rather than Orcinus, initially asserted the '541 Patent in the Dropbox Case and stated that "Dropbox is the owner by assignment of the entire right, title and interest in and to the '541 Patent, including the sole and undivided right to sue for infringement." Dropbox Case, Dkt. No. 1 at ¶ 7. Thus, the present action was brought by Dropbox *without proper standing* as to the ownership of the '541 Patent. Dkt. No. 1. Counsel for Dropbox only disclosed the issue to Synchronoss's counsel on October 10, 2018, months after the initial complaint had been filed, a week following the initial case management conference, and months after the filing of Synchronoss's motion to dismiss. Jackson Decl., ¶ 5, Ex. A. These delays and failures by Dropbox have caused prejudice to Synchronoss and further caused Synchronoss to incur unnecessary attorney's fees, including in meeting and conferring on a motion to amend the complaint, case schedule, and related issues in order to resolve Dropbox's failure to conduct *basic due diligence* in filing suit or failing to inform their lawyers of basic facts regarding the assertion of their alleged claims. Jackson Decl., ¶ 11.

On October 10, 2018, Orcinus filed a new complaint separately asserting the '541 Patent in the Orcinus Case. Orcinus Case, Dkt. No. 1 at 2, ¶ 7. The complaint in the Orcinus Case alleges that Orcinus was formed in 2015 by Dropbox, Orcinus was formed with Dropbox as the sole member of the LLC, Orcinus is a wholly-owned subsidiary of, Dropbox, and Dropbox's founders manage and control Orcinus. *Id.* at 2-3, ¶¶ 11-14. Dropbox meanwhile sought Synchronoss's position on whether it opposed Dropbox's motions to relate the cases and to amend the complaint in the Dropbox case adding Orcinus as a party and removing Dropbox's request for injunctive relief. Jackson Decl., ¶ 6, Exs. B & C. Synchronoss opposed Dropbox's motion to add Orcinus to the Dropbox case as defective. Jackson Decl., ¶ 7, Ex. D; *see also*

- 4 -

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(A)**
CASE NO. 5:18-cv-03685-LHK

*Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (holding that a lack of standing cannot be cured by the later addition of a party that would have had proper standing). As a component of the meet-and-confer process, on October 11, 2018, Dropbox requested Synchronoss's position on a motion to consolidate, but never filed one. Jackson Decl., ¶ 8, Ex. B. Dropbox also acknowledged that "the Court will separately decide how to handle the Orcinus case schedule" in an e-mail to counsel for Synchronoss. Jackson Decl., ¶ 9, Ex. E.

Synchronoss cooperated with Dropbox in good faith and to conserve judicial resources while Dropbox addressed its lack of standing. Synchronoss did not oppose Dropbox's motion to relate the cases, did not oppose Dropbox's motion to amend the complaint, and agreed to adopt and incorporate by reference its motion to dismiss in the present action into the Orcinus Case. Dropbox Case, Dkt. Nos. 45, 46, 50; Jackson Decl., ¶ 10. Accordingly, Dropbox's counsel informed Synchronoss's counsel that it would withdraw the '541 Patent from the Dropbox Case, proceed with the recently filed Orcinus Case, and move to relate the cases. Jackson Decl., ¶ 12, Ex. E; *see also* Dropbox Case, Dkt. No. 45, 46, 49. Dropbox then moved to amend the complaint in the Dropbox Case by withdrawing the '541 Patent. Dropbox Case, Dkt. No. 49. This procedure allowed the three patents to be asserted against Synchronoss with minimal burden on the Court as originally intended by Dropbox, but which was not possible with Dropbox as the sole plaintiff because Dropbox belatedly realized that it did not actually own one of the asserted patents. The Court thus granted Dropbox's motion to amend its complaint and ruled that the Orcinus Case is related to this case. Dropbox Case, Dkt. Nos. 47 and 51. The two cases have not, however, been consolidated under Federal Rule of Civil Procedure 42.

### B.  Common Questions of Law and Fact Exist

The Dropbox and Orcinus cases should be consolidated because they concern largely identical questions of both law and fact. Orcinus is a wholly-owned subsidiary of Dropbox and owner of the '541 Patent that was initially asserted in this case and is now asserted in the Orcinus Case. Both cases accuse the same product—Synchronoss's Cloud Product—of patent infringement under the Patent Laws of the United States of America, Title 35, United States

- 5 -

Code. Synchronoss is the defendant in both cases. As such, both cases will involve overlapping witnesses, disputed facts, and disputed issues. Accordingly, consolidating these two actions would conserve judicial resources by avoiding the need for another jury to familiarize themselves with the parties and the product at issue in both cases. Further, both Orcinus and Dropbox are represented by the same counsel in the Dropbox Case and the Orcinus Case.

The allegations in paragraphs 20 through 51 of the Orcinus complaint (Dkt. No. 1 to the Orcinus Case) are substantially cut-and-paste verbatim lifting of the corresponding party allegations in the original complaint wrongfully filed by Dropbox in the present action. Dropbox Case, Dkt. No. 1 at ¶¶ 18-49. Consolidating the cases would limit the risk that the parties would face different, and possibly conflicting, conclusions regarding the overlapping subject matter in the cases, for example, the construction of claim terms, operation of the Synchronoss Product, relevant sales data, apportionment, a reasonable royalty, Synchronoss's knowledge of the asserted patents, whether Synchronoss willfully infringed, and other issues in dispute in both cases. Thus, questions of law and fact in the two cases will overlap significantly.

Dropbox agrees. In filing its motion to relate the cases (Dkt. No. 45), Dropbox asserted that "The Dropbox Case and the Orcinus Case are Substantially Similar." Dropbox Case, Dkt. No. 45 at 2:1. Dropbox specifically noted that 1) Orcinus is a wholly-owned subsidiary of Dropbox, 2) Synchronoss is the defendant in both cases, 3) both cases accuse the same product, and 4) "both cases will involve common witnesses, facts, and issues." *Id.* at 2:2-5. Accordingly, the parties agree that the two cases have substantial overlap in questions of law and facts.

### C. The Current Case Schedule Should Be Vacated Pending Case Management Conferences for Administrative Efficiency

Synchronoss further requests that the Court vacate the current case schedule in the instant action pending issuance of the Court's Case Management Order in the Orcinus (or consolidated) case. On October 3, 2018, this court held an initial case management conference and issued a case management order in the Dropbox case. Dropbox Case, Dkt. Nos. 39–40. However, the '541 Patent is no longer asserted in the Dropbox Case, and the Court has not entered a schedule

- 6 -

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(A)**
CASE NO. 5:18-cv-03685-LHK

relating to the Orcinus Case or the '541 Patent as Dropbox dropped the '541 Patent in the amended complaint in the Dropbox case. Dropbox Case, Dkt. Nos. 46 and 49. Additionally, the parties have fully briefed and filed arguments related to Synchronoss's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), which includes arguments related to the patent at issue in the Orcinus Case, but is currently scheduled on separate dates in the two cases. Dropbox Case, Dkt. Nos. 24, 27, and 31. The Court has set a March 28, 2019 hearing date for the Motion to Dismiss on the '541 Patent in the Orcinus Case, Orcinus Case, Dkt. No. 34, and a February 21, 2019 hearing date for the Motion to Dismiss in the Dropbox case, Dropbox Case, Dkt. No. 59. In addition, Synchronoss requested its Motion to Dismiss, Dkt. No. 24, in the current case apply to both cases given that the cases are closely tied and should be tried together. Orcinus Case, Dkt. No. 27.

Judicial efficiency will be served by consolidating the cases under a unified case schedule. Jackson Decl. ¶ 13. As Dropbox previously noted in its motion to relate, judicial resources will be conserved by avoiding having a separate jury familiarize themselves with the parties and products. Dropbox Case, Dkt. No. 45 at 2:7-9. This would also reduce any risk of reaching inconsistent results between the two cases. *Id.* at 2:9-13. By consolidating and issuing a consolidated case schedule, the Court will also avoid separate *Markman* briefings and hearings, pre-trial conferences, motion hearings, summary judgement motions, case management conferences, or other duplicative events requiring the Court's time and attention. Jackson Decl. ¶ 13. For example, the Joint Claim Construction and Prehearing Statement in the Dropbox Case is due on January 25, before the Court will even hold the Initial Case Management Conference or issue a scheduling order in the Orcinus Case. Dropbox Case, Dkt. No. 40.

The Court's order in the Orcinus case (Orcinus Case, Dkt. No. 22) indicates that the parties are to submit a Joint Case Management Statement by January 23 and that an Initial CMC is set for January 30—the same date as the Further Case Management Conference in the Dropbox Case. There is no case schedule set in the Orcinus Case yet. Consolidation will therefore promote judicial convenience and economy. Synchronoss thus proposes that the Court

- 7 -

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(A)**
CASE NO. 5:18-cv-03685-LHK

enter a new consolidated case schedule following the January 30, 2019 Case Management Conference to be held in both cases.

In light of the above, and in order to facilitate case consolidation, vacating the Case Management Order in the current action and setting a new consolidated case schedule for both cases will avoid duplicative efforts of the parties and the Court. Given the significantly overlapping legal and factual issues in both cases, consolidation of both cases would avoid duplicative discovery and motions practice, for example. Consolidating the cases would not cause prejudice to either party as the same accused products are already in dispute in both cases and both cases are still in early stages. Jackson Decl. ¶ 14. Thus, the most logical solution is for the Court to order the parties to submit a proposed consolidated case schedule as part of the joint case management statement for both cases on January 23 that sets new dates in compliance with the local rules and the Federal Rules of Civil Procedure for both cases going forward through trial. This will promote judicial efficiency by not requiring two different *Markman* hearings, two different pre-trial conferences, two different Rule 12(b)(6) hearings, or two different trials.

### III. CONCLUSION

Synchronoss respectfully submits that for the forgoing reasons, the Court should consolidate *Orcinus Holdings, LLC v. Synchronoss Technologies, Inc.*, 5:18-cv-06199-LHK with this case, to vacate the current case schedule and enter a consolidated case schedule.

- 8 -

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(A)**
CASE NO. 5:18-cv-03685-LHK

| | | |
|---|---|---|
| 1 | Dated: January 7, 2019 | Respectfully submitted, |

/s/ *Nicholas H. Jackson*
Mark L. Hogge (*Pro Hac Vice*)
Nicholas H. Jackson (SBN 269976)
DENTONS US LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone: (202) 408-6400
Facsimile: (202) 408-6399
Email: mark.hogge@dentons.com
Email: nicholas.jackson@dentons.com

Robert F. Kramer (SBN 181706)
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304
Telephone: (650) 798-0300
Facsimile: (650) 798-0310
Email: robert.kramer@dentons.com

Sarah S. Eskandari (SBN 271541)
DENTONS US LLP
One Market Plaza,
Spear Tower, 24th Floor
San Francisco, CA 94105
Telephone: (415) 267-4000
Facsimile: (415) 267-4198
Email: sarah.eskandari@dentons.com

Attorneys for Defendant
SYNCHRONOSS TECHNOLOGIES, INC.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(A)**
CASE NO. 5:18-cv-03685-LHK

# **CERTIFICATE OF SERVICE**

I, Sarah S. Eskandari, hereby declare:

I hereby certify that on the date indicated below I caused to be served the following documents:

**DEFENDANT SYNCHRONOSS TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) AND VACATE CURRENT CASE SCHEDULE**

via the Court's CM/ECF system upon all counsel of record registered to receive electronic filings as indicated on the Court's website, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5-1.

I declare under penalty of perjury, under the laws of the United States of America, that the above is true and correct. Executed on January 7, 2019 in San Francisco, California.

/s/ Sarah S. Eskandari
Sarah S. Eskandari