United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DROPBOX, INC., <br>     Plaintiff, <br>     v. <br> SYNCHRONOSS TECHNOLOGIES, INC., <br>     Defendant. | Case No. 18-CV-03685-LHK <br><br> **ORDER DENYING MOTION FOR ATTORNEY'S FEES** <br><br> Re: Dkt. No. 79 |

Plaintiff Dropbox, Inc. filed a patent infringement suit against Defendant Synchronoss Technologies, Inc. Plaintiff alleged that Defendant infringes claims of U.S. Patent No. 6,058,399 ("the '399 Patent") and U.S. Patent No. 6,178,505 ("the '505 Patent"). The Court granted Defendant's motion to dismiss the '399 Patent claims and the '505 Patent claims for failure to recite patent-eligible subject matter under 35 U.S.C. § 101. Before the Court is Defendant's motion for attorney's fees pursuant to 35 U.S.C. § 285. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Defendant's motion for attorney's fees.

**I. BACKGROUND**

Plaintiff, which is a Delaware corporation with its principal place of business in San

1
Case No. 18-CV-03685-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

Francisco, California, was founded in June 2007 "as a simple way for people to access their files wherever they are and share them easily." ECF No. 49 ¶¶ 1, 10.

Defendant is a Delaware corporation with its principal place of business in Bridgewater, New Jersey, and conducts business from a permanent physical location in San Jose, California. *Id.* at ¶¶ 2, 6. Defendant sells its "Personal Cloud" product "as a white-label data backup and transfer solution to network operators or service providers, such as Verizon." *Id.* at ¶ 13.

On June 20, 2018, Plaintiff filed the instant patent infringement suit asserting the '399 Patent, the '505 Patent, and U.S. Patent No. 7,567,541. ECF No. 1. On August 13, 2018, Defendant filed a motion to dismiss. ECF No. 24. On August 27, 2018, Plaintiff filed an opposition. ECF No. 27. On September 4, 2018, Defendant filed a reply. ECF No. 31.

On October 18, Plaintiff filed a motion to amend the complaint. ECF No. 46. In its motion to amend the complaint, Plaintiff sought to "remove its assertion of U.S. Patent No. 7,567,541 . . . from this lawsuit" because Plaintiff's wholly-owned subsidiary, Orcinus Holdings LLC, was going to assert the '541 Patent in another case. *Id.* at 1. Plaintiff also sought to remove its request for injunctive relief. *Id.* The Court granted Plaintiff's motion to amend the complaint. ECF No. 47. Thereafter, on October 22, 2018, Plaintiff filed an amended complaint which only asserted the '399 Patent and the '505 Patent. AC at ¶¶ 7-9. Plaintiff alleged that "Synchronoss's Cloud products, including without limitation its Personal Cloud product, infringes the Patents-in-Suit . . . ." *Id.* at ¶ 15. On November 30, 2018, the Court denied as moot Defendant's motion to dismiss, ECF No. 24, in light of the amended complaint.

On December 3, 2018, Defendant refiled its motion to dismiss, incorporating the briefing from its previous motion to dismiss. ECF No. 57. On December 5, 2018, Plaintiff filed an opposition, incorporating the briefing from Plaintiff's previous opposition. ECF No. 60. On December 11, 2018, Defendant filed a reply, incorporating the briefing from its previous reply. ECF No. 61.

On March 13, 2019, the Court granted Defendant's motion to dismiss. ECF No. 76. The Court then entered judgment in favor of Defendant. ECF No. 77.

On March 27, 2019, Defendant filed the instant motion for attorney's fees. ECF No. 79 ("Mot."). On April 10, 2019, Plaintiff filed its opposition, ECF No. 82 ("Opp."), and on April 17, 2019, Defendant filed its reply. ECF No. 85 ("Reply").

## II. LEGAL STANDARD

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in patent litigation. The United States Supreme Court established the governing standard for determining whether an award of attorney's fees is appropriate in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). In *Octane*, the United States Supreme Court held that an exceptional case under § 284 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. District courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555. Ultimately, the decision of whether to award attorney's fees is left to the Court's discretion and is reviewed on appeal only for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014).

## III. DISCUSSION

For purposes of the instant motion, it is undisputed that Defendant was the prevailing party because the Court granted Defendant's motion to dismiss. Defendant argues that the instant case is an exceptional one meriting an award of attorney's fees because of the substantive weakness of Plaintiff's litigating position and because Plaintiff pursued this litigation in an unreasonable manner. The Court finds neither argument persuasive.

In the instant case, the Court's order granting Defendant's motion to dismiss required significant analysis of Plaintiff's patents and recent United States Supreme Court and Federal Circuit case law in a complex and rapidly developing area of the law. *See Dropbox, Inc. v.*

3

Case No. 18-CV-03685-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

*Synchronoss Techs., Inc.*, 371 F. Supp. 3d 668 (N.D. Cal. 2019). Specifically, the Court granted the motion to dismiss because Plaintiff's patents failed to claim patent-eligible subject matter under 35 U.S.C. § 101. *Id.* at 673. The United States Supreme Court's ruling in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014), significantly changed the law on patentable subject matter under Section 101, and the law in this area has continued to develop since *Alice*.

This Court's order dismissing Plaintiff's complaint explained that "[n]either the United States Supreme Court nor the Federal Circuit has set forth a bright-line test separating abstract ideas from concepts that are sufficiently concrete so as to require no further inquiry" under *Alice*. *Dropbox*, 371 F. Supp. 3d at 680. Furthermore, although Federal Circuit precedent has clarified that information itself is intangible, "the determination of whether other types of computer-implemented claims are abstract has proven more 'elusive.'" *Id.* at 681. Thus, "courts considering computer-implemented inventions have taken varied approaches to determining whether particular claims are directed to an abstract idea." *Id.* The Court also relied in part on case law that developed even after Defendant filed its motion to dismiss. *See id.* at 693 (citing *Univ. of Florida Research Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363, 1368 (Fed. Cir. 2019)).

In the instant case, this Court's rejection of Plaintiff's arguments is insufficient to merit finding the instant case exceptional. "[A]s the Supreme Court made clear in *Octane*, fee awards are not to be used 'as a penalty for failure to win a patent infringement suit.'" *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) (quoting *Octane*, 572 U.S. at 548). Because this is such a complex and rapidly developing area of the law, Plaintiff's position was not exceptionally meritless nor were Plaintiff's claims brought in subjective bad faith. *See Papst Licensing Gmbh & Co. v. Xilinx Inc.*, 2016 WL 4398376, at *3 (N.D. Cal. Aug. 18, 2016) (denying motion for attorney's fees in part because judgment on the pleadings under Section 101 was granted "in a complex and developing area of law"); *see also Gametek LLC v. Zynga, Inc.*, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) (declining to find case exceptional because plaintiff's litigating position, although weak, "did not, however, descend to the level of frivolous argument or objective unreasonableness").

4
Case No. 18-CV-03685-LHK
ORDER DENYING MOTION FOR ATTORNEY'S FEES

Unlike in *Inventor Holdings*, the instant case is not one where the plaintiff's claims were "plainly invalid in view of *Alice*." *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377–78 (Fed. Cir. 2017). Further, even in a case in which a district court views patent claims as so exceptionally meritless to justify an award of fees, the Federal Circuit could reverse a district court's § 101 dismissal. *See, e.g.*, *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) (reversing district court's grant of § 101 motions to dismiss and award of attorney's fees). Thus, the Court rejects Defendant's first argument for an award of attorney's fees.

Second, as to the manner in which Plaintiff pursued this litigation, Defendant argues that Plaintiff acquired patents and filed the instant lawsuit "for the sole purpose of retaliation" in response to a patent infringement suit that Defendant filed against Plaintiff. Defendant also complains that Plaintiff amended its complaint to withdraw the '541 Patent because Dropbox's subsidiary and not Dropbox owned the '541 Patent, and that Plaintiff declined to stay discovery. However, "post-*Octane* decisions awarding fees have generally cited egregious behavior" as the litigation conduct necessary to support a fees award. *Vasuedevan Software, Inc. v. Microstrategy, Inc.*, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19, 2015). Even "overly aggressive litigation tactics" may not justify a fees award. *Id.* at *6; *see also Gametek*, 2014 WL 4351414, at *5 (rejecting motion for attorney's fees where allegations suggested only "an aggressive litigation strategy" by the losing party).

In this case, there is no subjective bad faith evident in Plaintiff asserting acquired patents against Defendant after Defendant filed a patent infringement lawsuit against Plaintiff. In fact, *Defendant* asserted acquired patents against Plaintiff in the other infringement lawsuit between the parties. ECF No. 82-3. Moreover, Plaintiff's desire not to stay discovery given Plaintiff's belief that the patents-in-suit were patentable is entirely consistent with "good faith zealous advocacy." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2015 WL 4396201, at *3–4 (N.D. Cal. July 17, 2015) (holding that "good faith zealous advocacy [is] not exceptional"). Even if Plaintiff realized later that Plaintiff's subsidiary Orcinus rather than Plaintiff owned the '541 Patent,

1 Plaintiff's conduct did not prejudice Defendant. Defendant relied on the same briefing in both the instant case and the case that Orcinus filed on the '541 Patent. *See Orcinus Holdings, LLC v. Synchronoss Techs., Inc.*, 379 F. Supp. 3d 857, 865 (N.D. Cal. 2019). Thus, the parties did not have to fully relitigate a second motion to dismiss in the Orcinus case.

Further, the facts of those cases in which courts have awarded fees based on litigation conduct diverge sharply from this case. For example, in *Cambrian Science Corp. v. Cox Communications, Inc.*, 79 F. Supp. 3d 1111 (C.D. Cal. 2015), the district court focused on the plaintiff's behavior during discovery, in which the plaintiff imposed "especially burdensome" and "unnecessary" discovery requests, noticed a deposition for a holiday weekend, and overall engaged in "exceptionally improper" conduct designed to "harass" the defendants into a settlement. *Id.* at 1118–20. Similarly, in *Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 112 F. Supp. 3d 888 (D. Minn. 2015), the district court found that four cumulative practices, including joining an additional party to increase the defendant's litigation costs, constituted litigation conduct that was "exceptionally unreasonable." *Id.* at 899; *see also Segan LLC v. Zynga Inc.*, 131 F. Supp. 3d 956, 963 (N.D. Cal. 2015) (noting that the plaintiff's litigation conduct would justify an award of fees where plaintiff's attorney "time and time again" instructed plaintiff's expert not to answer questions during a deposition).

None of those cases involve a responsive patent infringement lawsuit or a plaintiff's mere desire not to stay discovery. Plaintiff's conduct in the instant case was not so egregious as to merit an award of fees. Moreover, Defendant may be responsible for incurring some unnecessary attorney's fees. Defendant refused to consolidate the briefing on Defendant's motions for attorney's fees in the instant case and in the Orcinus case, even though the briefing on both motions for attorney's fees and the Court's orders on the motions are largely duplicative. *See* ECF No. 82, Ex. 6. This wastes the resources of the parties and the Court. Plaintiff also alleges that Defendant served more than twice as many discovery requests as Plaintiff. Opp. at 17–18.

Considering the totality of the circumstances, *see Octane*, 572 U.S. at 554, the Court concludes that the instant case is not exceptional under 35 U.S.C. § 285. Accordingly, the Court

6

declines to exercise its discretion to award attorney's fees to Defendant.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for attorney's fees.

**IT IS SO ORDERED.**

Dated: August 13, 2019

_____
LUCY H. KOH
United States District Judge